# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| ANKIT BHAKTA,  Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-00753 |
| CARADAY HEALTHCARE, LLC  Defendant. | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ankit Bhakta ("Plaintiff" or "Bhakta") and files this Plaintiff's First Amended Complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,[1] complaining of Defendant Caraday Healthcare, LLC ("Defendant" or "Caraday"), and for cause of action would respectfully show unto the Court as follows:

## I. DISCOVERY PLAN

1.  Pursuant to Texas Rule of Civil Procedure 190.3, this case shall proceed under Discovery Control Plan Two.

## II. PARTIES

2.  Plaintiff Ankit Bhakta is an individual who is a resident of Temple, Bell County, Texas.

3.  Defendant Caraday Healthcare, LLC is a Texas limited liability company doing business in Bell County, Texas, has already been served with process through its registered agent, Robert Choi, and has already made an appearance in this case.

---

[1] A party may amend the party's pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). *See* FED. R. CIV. P. 15(a). Since Defendant filed a Rule 12(b) motion on July 22, 2021, leave should be freely given to Plaintiff to file this amended petition.

## III. JURISDICTION, VENUE AND RULE 47 STATEMENT

4.     Jurisdiction and venue are proper in Bell County, Texas because all or a substantial part of the events or omissions giving rise to the claims occurred in Bell County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

5.     The Court has jurisdiction over this matter as this is an action for damages in excess of the minimum jurisdictional limits of the Court and the Defendant operates its business in Bell County, Texas and/or have committed torts in whole or in part within Bell County, Texas.

6.     Pursuant to Rule 47, Plaintiff seeks recovery of damages within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000 and all other relief to which he may be justly entitled at law or in equity.

## IV. FACTS

7.     Bhakta is a brown, Asian male of Indian descent and of Hindu faith. Bhakta was an at-will employee wrongfully terminated by Caraday for discriminatory reasons due to his race, national origin, ethnicity, gender and religion.

8.     By way of background, Bhakta is a licensed Physical Therapist Assistant and worked at Western Hills Nursing and Rehabilitation facility ("Western Hills") in Temple, Texas since July 20, 2015. When Bhakta was initially hired to work at Western Hills, his employer was Senior Care Centers/Senior Rehab Solutions. Due to Bhakta's strong skills, excellent care, reliability, integrity and rapid growth, he was quickly promoted to a dual role as both Physical Therapist Assistant and Director of Rehabilitation within less than a year of employment.

9.     On January 1, 2020, Caraday purchased the Western Hills facility and took over ownership from Senior Care Centers/Senior Rehab Solutions. Bhakta continued working at Western Hills with Caraday under the same terms and conditions of employment as a Physical

Therapist Assistant and Director of Rehabilitation as he previously had with Senior Care Centers/Senior Rehab Solutions.

10. When Caraday took over and became Bhakta's employer, it did not provide him with any training. Caraday represented to and informed Bhakta that he was simply expected to maintain the same duties and responsibilities and conduct himself in the same manner as he had with Senior Care Centers/Senior Rehab Solutions.

11. In his roles as Director of Rehabilitation and as a Physical Therapist Assistant, Bhakta was regularly required to meet with patients, provide physical therapy treatments, and manage and oversee the rehabilitation department. Additionally, Bhakta recorded the time he spent with each patient and submitted the same to his employer after review by his direct supervisor, Henry Ekeocha, who was the Supervising Physical Therapist at Caraday. Throughout the course of Bhakta's employment at Western Hills with both Senior Care Centers/Senior Rehab Solutions and Caraday, he never once received any verbal or written discipline prior to the events of this case. In fact, Bhakta's impeccable performance allowed him to quickly move up the ranks to a leadership role while working at Western Hills under the previous ownership with Senior Care Centers/Senior Rehab Solutions.

12. While working with Caraday, Bhakta was regularly treated differently and in an inferior manner to other similarly situated employees. Specifically, Caraday employees, including Mr. Bhakta's supervisors and coworkers, would regularly make offensive and negative comments directed to Bhakta about the origin of COVID-19 (also known as the novel Coronavirus disease) from Asia. On one particular occasion, a Caraday employee refused to allow Bhakta and another fellow Asian co-worker from entering the workplace, alleging each of their temperatures were too

high when in fact Bhakta and his coworker both had normal body temperatures that met the guidelines of the Centers for Disease Control and Prevention ("CDC").

13. Further, Caraday, its representatives and employees often and frequently made derogatory and offensive comments to Bhakta, including intentionally calling him by a different name and making comments about his religion. When given the opportunity to make things right, instead Caraday would intentionally make Bhakta uncomfortable by providing him with foods like beef and pork which are against his Hindu religion and not including anything that he would be able to consume at meetings, while accommodating the other employees. These comments and actions became so frequent and severe that it created a hostile and offensive work environment for Bhakta, making him feel uncomfortable and scared to raise the issue with his employer for fear of retaliation due to the predominately white/Caucasian and Christian-based faith of his employer and coworkers. In fact, based on information and belief, Bhakta was the only brown, Asian and Hindu male employee at Western Hills during his employment there.

14. On April 21, 2020, Bhakta arrived to work as usual. At approximately 11:00 A.M., Caraday administrator, Linda Hoyle, informed Bhakta that an accusation had been made against him for allegedly providing false documentation regarding the time he spent with a(n) unidentified patient(s). Notably, as a salaried employee of Caraday, Bhakta did not receive any less or additional benefit for spending more or less time with a patient and thus had no incentive or reason to falsify any such documentation.

15. When Bhakta asked Caraday for details regarding the accusation, including the alleged patient(s) and billing/time card for time and date(s) spent with the patient, so that he could substantiate his time and confirm that he did in fact meet with said patient(s), Caraday refused to provide him with any details or documentation as proof. Caraday explicitly informed Bhakta that

he would not be provided the identity of any patient that they allege he did not meet with, nor the date, timing information, or any other information or documentation in order for him to meaningfully defend himself in any manner whatsoever.

16. Instead, Caraday informed Bhakta that he was suspended until they conducted an investigation. A few hours later that very same day, Caraday called Bhakta and informed him to return to Caraday's Human Resources office, where he was immediately terminated – again, without providing any proof or documentation of the alleged wrongdoing, without being afforded any opportunity to defend himself, and without being provided any opportunity whatsoever to participate in the supposed investigation that Caraday allegedly held.

17. Without having ever interviewed Bhakta, or even his direct supervisor Henry Ekeocha who reviewed all of his billings and time while employed there, as part of their investigation, Caraday alleged the same general and vague allegations of falsifying documentation as the reason for his termination while still refusing to provide any proof or even a scintilla of relevant information to Bhakta to defend himself.

18. Caraday informed Bhakta that their investigation consisted of meeting with his patients and the persons who made the accusation against him. Each (if not the vast majority) of the patients Bhakta consulted with on each work day was a patient at Western Hills due to memory loss or related issues. Caraday, by its own acknowledgment, interviewed patients with memory loss to determine if those individuals met with Bhakta, and yet refused to meet with Bhakta himself or with Bhakta's supervisor who reviewed his bills.

19. Significantly, after his termination, Bhakta learned that the patients Caraday claimed he did not meet with had actually in fact later confirmed that they did meet with him.

20. Again, Caraday never provided any training to Bhakta, including regarding any varying billing practices as compared to that required when ownership was under Senior Care Centers/Senior Rehab Solutions. At all times, Caraday confirmed to Bhakta that his billing practices were correct and met Caraday's standards. As previously noted, Bhakta never had any write-ups or disciplinary actions against him throughout the course of his entire employment, including regarding any alleged improper billing.

21. Further, based on information and belief, one of the individuals who made the false accusation against Bhakta, Justin Paes ("Paes"), is a white/Caucasian, American employee who immediately applied for Bhakta's position the same or next day after Caraday wrongfully terminated him. Apparently, it was well known within Caraday that Paes was gunning for Bhakta's position and stood to directly benefit from his false accusations against Bhakta. Paes engaged the assistance of another employee, Brandi Horton ("Horton"), in trying to terminate Bhakta, because Horton did not like Bhakta as he had previously disciplined her for not following the rules. Unsurprisingly, Paes was immediately named the interim Director of Rehabilitation when Caraday terminated Bhakta. Paes, Horton and Caraday worked in concert to discriminate against Bhakta, treat him in an inferior manner, and intentionally cause his termination without cause.

22. Shortly after Caraday terminated Bhakta, Bhakta learned that Caraday also terminated Nicky McBride, a black, African-American female and that Caraday intimidated and harassed Ekeocha, a black, African-American male, to such an extent that he was forced to resign because Caraday's workplace environment had become toxic, hostile, and unbearable.

23. It is abundantly clear that Bhakta, as a colored person, was treated differently and in an inferior manner to other similarly situated non-colored employees throughout his employment with Caraday. Prior to the false accusation made against him, Caraday and its

employees regularly made discriminatory and offensive comments to him and/or directed at him. They also took discriminatory action against him simply because he is an Asian man working in a predominantly white environment. Further, when Caraday wrongfully terminated him, Bhakta was not afforded any opportunity to meet with any relevant personnel, including Human Resources, during their supposed "investigation" and prior to his wrongful termination.

24. Throughout his employment with Caraday, Bhakta suffered discrimination and was treated differently and in an inferior manner than other employees on account of his race, national origin, ethnicity, gender and religion.

25. On April 21, 2020, he was again treated in an inferior and discriminatory manner as compared to other employees. That day, Bhakta was ultimately wrongfully terminated in the midst of the COVID-19 pandemic as a result of his race, national origin, ethnicity, gender and religion and the unsubstantiated belief by Caraday and its employees that the novel Coronavirus disease originated from Asian countries and thus that somehow Bhakta is to blame.

26. In fact, Caraday reported Bhakta to the Texas Board of Physical Therapy Examiners ("PT Board") for their false allegations of fraudulently documenting treatment not rendered. After careful review and an actual investigation that occurred for the first time by a neutral third-party, the PT Board agreed with Bhakta that there was no evidence supporting Caraday's allegations and determined that there was no cause to warrant further investigation by the PT Board and accordingly closed the case.

27. It is abundantly clear that Caraday is trying to hide the discriminatory reasons for its wrongful termination of Bhakta by making broad, unsubstantiated allegations of wrongdoing against him without conducting any proper or thorough investigation, without providing any proof, and without allowing Bhakta to defend himself in any manner.

28. Unfortunately, Defendant's actions towards Plaintiff are consistent with a perverse, degrading and discriminatory course of conduct existing since the day Caraday took over ownership of Western Hills.

## V. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

29. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2020. A true and correct copy of Bhakta's Charge of Discrimination is attached hereto and incorporated herein by reference as Exhibit "A." Plaintiff received a Notice of Rights letter from the EEOC and timely files this Original Petition within the required period.

30. In filing his Charge of Discrimination with the EEOC, Plaintiff likewise submitted his charge to the Texas Workforce Commission Civil Rights Division. Specifically, on his Charge of Discrimination form, Bhakta inserted "Texas Workforce Commission Civil Rights Division" as the state agency he was submitting his complaint to and the EEOC as the federal agency he was submitting his complaint to. At the bottom of every single page of the Charge of Discrimination, Bhakta signed under the box that stated, "I want this charge filed with both the EEOC and the State or local Agency, if any." *See* Exhibit A. The EEOC has a dual-filing workshare relationship with the Texas Workforce Commission Civil Rights Division, the State of Texas' equivalent Fair Employment Practices Agency ("FEPA"). Thus, a submission of the Charge of Discrimination to the EEOC likewise constitutes a submission to the Texas Workforce Commission Civil Rights Division. *See* Tex. Lab. Code § 21.0015 (stating that the powers and duties exercised by the Texas Commission on Human Rights ("TCHR") under Chapter 21 of the Texas Labor Code are transferred to the Texas Workforce Commission). *See Burgmann Seals America, Inc. v. Cadenhead*, 135 S.W.2d 854, 857 (Tex. App.—Houston [1st Dist.] 2004) (holding that providing

the name of the TCHR and checking the box for simultaneous filing is the equivalent of filing with both the TCHR and EEOC, and thus complainant had exhausted his administrative remedies, he was entitled to file suit 181 days after filing his complaint with the TCHR as long as he filed suit within two years, and the trial court had jurisdiction to hear complainant's claims under TCHRA). "[A] complainant's exhaustion of remedies in a discrimination complaint occurs when the complainant files a timely charge with TCHR and waits 181 days to file suit." *Id*.

31. The filing of this suit is within the two year statute of limitations for filing suit, while also meeting the minimum wait period of 180 days after submitting Bhakta's Charge of Discrimination but before filing suit under Title VII and the Texas Labor Code.

32. Thus, this suit is timely made and all other conditions precedent to Plaintiff's right to recovery against Defendant have occurred and/or been performed.

## VI. CAUSES OF ACTION

### A. Violation of Title VII of the Civil Rights Act of 1964

33. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

34. Bhakta asserts that he was discriminated against and discharged by Caraday because he is a member of a protected class, in that he is a brown, Asian male of Indian origin and Hindu faith. Caraday discriminated against Bhakta and discharged him due to his race, national origin, ethnicity, gender and religion and in support of the same Bhakta asserts that:

    a. He was qualified for the positions from which he was discharged;

    b. He was discharged based on his membership in a protected class;

    c. His discharge affected the terms, conditions and privileges of his employment;

      d.      His employer's articulated reasons for adverse actions against Bhakta were a pretext for discrimination;

      e.      Other employees at Caraday who were not colored, brown, Asian, male, Indian, or Hindu were treated differently; and

      f.      Bhakta was replaced by a white, Caucasian-American male of Christian faith, whom was later replaced by a white, Caucasian-American female of Christian faith.

35. As a direct and proximate result of those and related acts, Defendant obtained benefits while Plaintiff suffered harm for which Defendant must be held liable.

**B.**     **Violation of Texas Labor Code**

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

37. Defendant has violated Section 21.051 of the Texas Labor Code because it has unlawfully and intentionally discriminated against Plaintiff, including but not limited to by discharging him from his employment because of his race, color, religion, sex, and national origin. As a direct and proximate result of those and related acts, Defendant obtained benefits while Plaintiff suffered harm for which Defendant must be held liable.

**C.**     **Intentional Infliction of Emotional Distress**

38. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

39. During Plaintiff's employment with Caraday, Defendant and its employees made statements and engaged in other conduct that was outrageous and beyond possible bounds of decency, causing Plaintiff extreme emotional distress. Plaintiff is entitled to compensation for such distress.

### D.  Negligence/Hostile and Toxic Work Environment

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

41. Defendant owed a duty to Plaintiff to provide a safe working environment free from hostility and discrimination. Defendant further owed a duty to conduct a legitimate and thorough investigation before wrongfully terminating Plaintiff. Defendant further owed a duty to hire competent employees, including those in its Human Resources department. Defendant breached these duties, and as a result proximately caused damages to Plaintiff.

### E.  Vicarious Liability and Respondeat Superior

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

43. Defendant Caraday is liable for the above mentioned acts and omissions of its employees, officers, and agents. Plaintiff invokes the common law doctrines of agency liability, respondeat superior, and/or vicarious liability for the acts and omissions of any employees, officers and agents of Caraday.

## VII. ATTORNEY'S FEES

44. Plaintiff has found it necessary to retain the undersigned attorneys to represent his interest in this cause and has agreed to pay them reasonable attorney's fees. As provided by Title VII of the Civil Rights Act of 1964, Section 21.259 of the Texas Labor Code and the laws of the State of Texas, Plaintiff is entitled to recover his reasonable attorney's fees and litigation expenses incurred in connection with this action and all post-trial and appellant procedures which may result therefrom from Defendant, as well as all costs of court.

## VIII. EXEMPLARY DAMAGES

45.     Plaintiff will show that Defendant's actions were undertaken with malice and/or gross negligence. Thus, Plaintiff hereby seeks an award of exemplary damages under Sections 41.001 et. seq. of the Texas Civil Practice and Remedies Code in an amount in excess of the jurisdictional limits of the Court.

## XI. DAMAGES

46.     As a direct and proximate result of Defendant's aforementioned acts, omissions and conduct, Plaintiff suffered a loss of earning capacity in the past which will in all likelihood continue in the future for an indefinite period of time. As a direct and proximate result of Defendant's aforementioned acts, omissions and conduct, Plaintiff has had to continue to suffer humiliation, shame, embarrassment, loss of self-esteem, loss of self-confidence, anxiety, sleeplessness, worry, fear, severe mental anguish and emotional distress, and in all likelihood will continue to suffer in such a manner for an indefinite period of time in the future.

47.     As a result of the wrongful and discriminatory conduct by Defendant, Plaintiff is entitled to at least the following damages: (a) actual damages; (b) mental anguish in the past; (c) mental anguish in the future; (d) exemplary damages; (e) punitive damages; (f) attorney's fees; and (g) costs of suit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein and, that upon final trial, the Court enter a judgment for Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal

rate; attorney's fees; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

                Respectfully submitted,

                SHEEHY, LOVELACE & MAYFIELD, P.C.

                */s/ Peter K. Rusek*
                PETER K. RUSEK
                *prusek@slm.law*
                State Bar No. 17400400
                510 N. Valley Mills Drive, Suite 500
                Waco, TX  76710
                254.772.8022 Telephone
                254.772.9297 Facsimile
                ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that a true and correct copy of the foregoing has been delivered to all parties of record by electronic service on August 12, 2021:

Eric J. Hansum
Hansum Law Firm, PLLC
5920 W. William Cannon Dr., Bldg 3, Ste. 650
Austin, Texas 78749
512-481-9292 (Phone)
512-287-4239 (Fax)
*ehansum@hansumlaw.com*
ATTORNEY FOR DEFENDANT

                */s/ Peter K. Rusek*
                PETER K. RUSEK

# EXHIBIT "A"

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 450-2020-04459 |

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Ankit J. Bhakta | (254) 913-1108 | 09/18/1989 |

Street Address: 4508 South General Bruce Drive, Temple, TX 76502

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CARADAY HEALTHCARE, LLC | 15 - 100 | (254) 742-7500 |

Street Address: 512 Draper Dr.
City, State and ZIP Code: Temple, TX 76504

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☒ COLOR   ☒ SEX   ☒ RELIGION   ☒ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: January 2020    Latest: April 2020
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**I.  PERSONAL HARM:**

I am a brown, Asian-American male of Hindu faith. I was an at-will employee wrongfully terminated by Caraday Healthcare for discriminatory reasons due to my race, national origin/ethnicity, gender, religion and color.

While working with Caraday Healthcare, I was regularly treated differently and in an inferior manner to other similarly situated employees. Specifically, Caraday Healthcare employees, including my supervisors and coworkers, would regularly make offensive and negative comments directed to me about the origin of COVID-19 (also known as the novel Coronavirus disease) from Asia. On one particular occasion, Caraday Healthcare refused to allow me and another fellow Asian co-worker from entering the workplace, alleging each of our temperatures were too high when in fact both myself and my coworker had normal body

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/23/2020
Charging Party Signature: [signed]

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: [signed]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) June 23, 2020

OSCAR SERNA, JR
My Notary ID # 132051688
Expires June 14, 2023

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**450-2020-04459** |
| Texas Workforce Commission Civil Rights Division | | and EEOC |
| *State or local Agency, if any* | | |

temperatures that met the guidelines of the Centers for Disease Control and Prevention.

Further, Caraday Healthcare, its representatives and employees often and frequently made derogatory and offensive comments to me, including intentionally calling me by a different name and making comments about and taking actions against my religion. They would intentionally make me uncomfortable by providing me with foods like beef and pork against my Hindu religion and not including anything that I would be able to eat at meetings, while accommodating the other employees. These comments and actions became so frequent and severe that it created a hostile and offensive work environment for me, making me feel uncomfortable and scared to raise the issue with my employer for fear of retaliation due to the predominately white and Christian-based faith of my employer and coworkers. In fact, based on information and belief, I was the only brown, Asian and Hindu male employee at my work place.

On April 21, 2020, I arrived to work as usual. At approximately 11:00 A.M., Caraday Healthcare administrator, Linda Hoyle (white, American, female), informed me that an accusation had been made against me for allegedly providing false documentation regarding the time I spent with a(n) unidentified patient(s). Notably, as a salaried employee of Caraday Healthcare, I did not receive any less or additional benefit for spending more or less time with a patient and thus had no incentive or reason to falsify any such documentation.

When I asked for details regarding the accusation, including the alleged patient(s) and billing/time card for time and date(s) spent with the patient, so that I could substantiate my time and confirm that I did in fact meet with said patient(s), Caraday Healthcare refused to provide me with any details or documentation as proof. Caraday Healthcare explicitly informed me that I would not be provided the identity of any patient that they allege I did not meet with, nor the date, timing information, or any other information or documentation in order for me to meaningfully defend himself in any manner whatsoever. Even during the investigation process, I was treated differently and in an inferior manner than other similarly-situated individuals who were not brown, Asian-American, male, and Hindu by denying me any meaningful participation.

Instead, Caraday Healthcare informed me that I was immediately suspended until they conducted an investigation. A few hours later that same day, Caraday Healthcare called me and asked me to return to the Human Resources office, where I was immediately terminated – again, without providing any proof or documentation of the alleged wrongdoing, without being afforded any opportunity to defend myself, and without being provided any opportunity whatsoever to participate in the supposed investigation that Caraday Healthcare allegedly held.

Caraday Healthcare informed me that their investigation consisted of meeting with my patients and only

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>June 23, 2020 |
| 6/23/2020     *[signature]*<br>Date     Charging Party Signature | OSCAR SERNA, JR<br>My Notary ID # 132051688<br>Expires June 14, 2023 |

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**450-2020-04459** | and EEOC |
| | **Texas Workforce Commission Civil Rights Division** | | |
| | *State or local Agency, if any* | | |

white, Caucasian individuals, including Ashley Scioneaux, Brandi Horton, and Charles "Justen" Paes. In fact, Mr. Paes made the false accusation against me, and Ms. Horton informed several employees that she was out to get me and conspiring with Mr. Paes to get rid of me. Further, each (if not the vast majority) of the patients I consulted with on each work day was a patient at Western Hills due to memory loss or related issues. Caraday Healthcare, by its own acknowledgment, interviewed patients with memory loss (most of whom could not even pronounce my name) to determine if those individuals met with me, and yet refused to meet with me. Further, all time I post when I meet with a patient is further verified and confirmed by Henry Ekeocha (a black, African-American male), Supervising Physical Therapist at Caraday. Yet, Mr. Ekeocha was never interviewed by Caraday Healthcare either during their supposed investigation.

Caraday Healthcare never provided any training to me whatsoever, including any training regarding billing practices. Instead, Caraday Healthcare confirmed to me that my billing practices were correct and met Caraday Healthcare's standards. In fact, I never had any write-ups or disciplinary actions against me throughout the course of his entire employment, including regarding any alleged improper billing.

Further, based on information and belief, Mr. Paes (the individual who made the false accusation against me) is a white, Caucasian employee who immediately applied for my position the same or next day after Caraday Healthcare wrongfully terminated me. In fact, Caraday Healthcare named Mr. Paes as the interim Director of Rehabilitation to replace me and then further permanently filled that role with a white, Caucasian female.

I was ultimately wrongfully terminated in the midst of the COVID-19 pandemic and the unsubstantiated belief by Caraday Healthcare, its employees and its patients (upon whom Caraday Healthcare relied to continue generating business) that the novel Coronavirus disease originated from Asian countries and thus that somehow I am to blame.

It is abundantly clear that I was treated differently and in an inferior manner to other similarly situated employees throughout my employment with Caraday Healthcare as a result of my race, national origin/ethnicity, gender, religion and color.

II.   **DISCRIMINATION STATEMENT:**
I believe that I was discriminated against because of my race (Asian), in violation of Title VII of the Civil Rights Act of 1964, as amended.
I believe that I was discriminated against because of my national origin (Asian), in violation of Title VII of the Civil Rights Act of 1964, as amended.
I believe that I was discriminated against because of my sex (male), in violation of Title VII of the Civil

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/23/2020<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>June 23, 2020<br><br>OSCAR SERNA, JR<br>My Notary ID # 132051688<br>Expires June 14, 2023 |

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>450-2020-04459 |

Texas Workforce Commission Civil Rights Division                              and EEOC
_State or local Agency, if any_

Rights Act of 1964, as amended.
I believe that I was discriminated against because of my religion (Hindu), in violation of Title VII of the Civil Rights Act of 1964, as amended.
I believe that I was discriminated against because of my color (brown), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct.<br><br>6/23/2020<br>Date    Charging Party Signature | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>June 23, 2020<br><br>OSCAR SERNA, JR<br>My Notary ID # 132051688<br>Expires June 14, 2023 |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.